Citation Nr: 1641935 
Decision Date: 10/31/16 Archive Date: 11/08/16

DOCKET NO. 08-03 426 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUES

1. Entitlement to service connection for a left knee disability, to include as secondary to service-connected patellofemoral pain syndrome of the right knee.

2. Entitlement to a total disability rating based on individual unemployability due to service-connected disability (TDIU).
 
 
REPRESENTATION

Veteran represented by: Texas Veterans Commission


ATTORNEY FOR THE BOARD

J. Murray, Counsel 



INTRODUCTION

The Veteran served on active duty in the United States Navy from December 1967 to March 1969. 

These matters come before the Board of Veterans Appeals (Board) on appeal from a December 2006 rating decision by the Waco, Texas, Regional Office (RO) of the United States Department of Veterans Affairs (VA), which in pertinent part, denied entitlement to an evaluation in excess of 20 percent for lumbar spine disability, and denied entitlement to service connection for a left knee disability.

In October 2011, the Board found that a claim for entitlement to TDIU had been raised by the record and was considered part of the increased rating claim for lumbar spine disability in accordance with Rice v. Shinseki, 22 Vet. App. 447 (2009). The Board denied the claim for increased rating for lumbar spine, and remanded the issues of entitlement to service connection for left knee disorder and entitlement to TDIU to the RO (via the Appeals Management Center (AMC)) for additional development. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

The Veteran seeks entitlement to service connection for left knee disorder, to include as secondary to service-connected right knee disability, as well as entitlement to a TDIU. Based on a review of the claims folder, the Board finds that additional development is needed prior to adjudication of the claims. 

In October 2011, the Board instructed that the Veteran should be provided a new VA joint examination to obtain a medical opinion as to whether it is at least as likely as not that his current left knee disability is related to any incident of service or to his service-connected right knee disability. The Board further instructed that the claims folder must be reviewed in conjunction with the examination. 

The record now contains the report of an August 2012 VA examination report. The August 2012 VA examiner concluded that it was less likely than not that the Veteran's service-connected right knee disability did not cause or aggravate his left knee disorder. However, subsequent VA treatment records show that the Veteran informed VA physicians that he favors his right knee so much that he now has progressively worse pain in left knee. See April 2014 VA treatment records. The 2012 VA examiner did not address the Veteran's contention that overcompensation for his service-connected right knee disability caused or aggravated his left knee disorder. The Board finds that the 2012 VA examiner's medical opinion is not adequate and remand is needed to obtain a supplemental VA medical opinion that addresses whether it is at least as likely as not that his current left knee disability is proximately caused or aggravated by his service-connected right knee disability, to include overcompensation for right knee disability. 

The Veteran does not currently meet the schedular criteria for entitlement to a TDIU pursuant to 38 C.F.R. § 4.16(a). The issue of entitlement to a TDIU is inextricably intertwined with the pending claim for service connection for left knee disorder. See Harris v. Derwinski, 1 Vet. App. 180, 183 (1990) (issues are inextricably intertwined when they are so closely tied together that a final Board decision cannot be rendered unless all are adjudicated). As such, a decision on the claim for entitlement to a TDIU will be deferred.

Accordingly, the case is REMANDED for the following action:

1. Request that the Veteran complete a VA Form 21-8940, Veteran's Application for Increased Compensation Based on Unemployability, to obtain relevant employment information. 

2. Update the claims folder with the Veteran's VA treatment records dated since October 2014. 

3. After the development in #2 has been completed, arrange for an appropriate examiner to provide a supplemental VA medical opinion on the etiology of the Veteran's claimed left knee disorder. The claims file must be made available to and reviewed by the examiner in conjunction with the medical opinion report.

The VA examiner is asked to provide an opinion on whether it is at least as likely as not that the Veteran's current left knee disability is (a) caused by or (b) aggravated by his service-connected right knee disability. 

In doing so, the VA examiner is asked to discuss the Veteran's contention that overcompensation for his right knee disability has resulted in his left knee disability. A complete rationale for all opinions expressed should be provided.

4. After completion of above, and any other additional development needed, readjudicate the Veteran's claim for service connection for left knee disorder and claim for TDIU, to include consideration under 38 C.F.R. 
§ 4.16(b). If any benefit sought on appeal remains denied, furnish the Veteran and his representative a supplemental statement of the case and provide an appropriate period of time to respond. The case should then be returned to the Board for further appellate review, if in order.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).


These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




_________________________________________________
S. HENEKS
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).